UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-21828-O'Sullivan

[Consent Case]

**VANESSA NOBLES**,
and other similarly-situated,

    Plaintiff(s),
vs.

**SUSHI SAKE NMB, INC.** *et. al.*,

    Defendants.
_____/

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff, **VANESSA NOBLES**, by and through undersigned counsel, requests that the Parties, counsel for the Parties, and witnesses, be instructed to refrain from asking about or mentioning, directly or indirectly, and of the matters contained in this Motion in Limine. Specifically, Plaintiff respectfully requests the Court to exclude from evidence at trial any testimony, documents, or other evidence, electronic or otherwise, regarding the following:

    A. Reference to any alleged drug use by Plaintiff.

    B. Reference to any alleged drug sale by Plaintiff.

    C. Reference to any alleged drug purchase by Plaintiff.

    D. Any and all references to alleged prior arrests, detention, or prior interaction with law enforcements officers.

    E. That this Motion in Limine has been filed or any ruling by the Court in response to this Motion in Limine, suggesting or inferring to the jury that Plaintiff has moved to

prohibit certain matters from being heard by jurors, or that the Court has excluded certain matters from the hearing of the jury.

## ARGUMENT AND MEMORADUM OF LAW

### I. LEGAL STANDARDS ON A MOTION IN LIMINE

The Court has broad discretion to determine the admissibility of evidence. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

### II. FEDERAL RULE OF EVIDENCE 403

Rule 403 provides that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

**Requests A, B, C, and D:**

In this matter, Plaintiff seeks damages, pursuant to the Fair Labor Standards Act, due to allegations of an illegal tip pool utilized by Defendants and pursuant to the Florida Civil Rights Act for damages for gender discrimination, sexual harassment, retaliation, and a hostile work environment. During the course of Plaintiff's January 10, 2018 deposition, counsel for Defendants briefly questioned Plaintiff regarding her history with marijuana. It is believed that Defendants and/or their counsel and/or Defendants' witnesses will attempt to improperly

impeach or otherwise impugn Plaintiff's character by making unsolicited, inadmissible references to Plaintiff's drug history.

It is well established that the Federal Rules of Evidence only provide for admission of a criminal felony conviction, subject to FRE 403, or a conviction of a crime (regardless of the punishment) if the elements of the crime required proving dishonest act or a false statement. FRE 609(a)(1)-(2). Here, Plaintiff has not been previously convicted of any felony or any crime where an element of that crime involved dishonesty or a false statement. There is no evidence that Plaintiff ever used, bought, or sold drugs of any kind on Defendants property.  There is no evidence that Plaintiff was disciplined at work any drug related issue. As such, any questions, references, or other statements to any purported drug use, sale, or purchase has no probative value and is extremely prejudicial to Plaintiff.  Under the standards for FRE 403, Plaintiff respectfully seeks that such references in Requests A, B, C, and D above be excluded at trial.

**Request E:**

Plaintiff seeks an Order from this Court that, regardless of how this instant Motion is ruled and what Requests are excluded, any reference this Motion was filed or that Plaintiff sought to prohibit certain matters from being heard or that the Court excluded certain matters from the jury be excluded.  Pursuant to Federal Rule of Evidence 402, Plaintiff submits that the fact that this instant Motion was filed is not evidence for a jury to consider and, even if it was to be considered evidence, it is wholly irrelevant.  Further, under Federal Rule of Evidence 403, it would be far more prejudicial than probative if the jury was to learn that the Plaintiff sought to prohibit certain matters from being heard or if the Court did exclude certain matters from being heard.  Under the standards for both FRE 402 and 403, Plaintiff respectfully seeks that such references in Request E above be excluded at trial.

Pursuant to Local Rule 7.1(a)(3), undersigned counsel sent a copy of this Motion to counsel for Defendants via electronic mail on March 28, 2018 to determine if there was any agreement to the relief sought. Counsel for Defendants object to the relief soguht.

Dated: March 29, 2018

          Respectfully submitted,

          **REMER & GEORGES-PIERRE, PLLC**
          Courthouse Tower
          44 West Flagler Street, Suite 2200
          Miami, FL 33130
          Telephone: (305)416-5000
          Facsimile: (305)416-5005

          By: **/s/ Brody M. Shulman**____
              Jason S. Remer, Esq.
              Fla. Bar No.: 0165580
              Brody M. Shulman, Esq.
              Fla. Bar No.: 092044

## CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2018I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **/s/ Brody M. Shulman**
Jason S. Remer, Esq.
Fla. Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**SERVICE LIST**

Lowell J. Kuvin, Esq.
Law Office of Lowell J. Kuvin
17 East Flagler Street
Suite 223
Miami, FL 33131
Telephone:  305-358-6800
Fax:          305-358-6808