\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 17-21828-CIV-O'SULLIVAN (Consent)

VANESSA NOBLES,

    Plaintiff,

vs.

SUSHI SAKE NMB, INC. and
JAMES AGUAYO, individually,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* [D.E. #48]

Defendants, SUSHI SAKE NMB, INC. and JAMES AGUAYO (hereinafter "Defendants"), by and through undersigned counsel, hereby file their Response to Plaintiff's Motion *in Limine* [D.E. #48], and as grounds therefor state:

### LEGAL STANDARD

The Court has broad discretion to determine the admissibility of evidence. *See United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

### PLAINTIFF'S REQUESTS A, B & C

Plaintiff seeks the exclusion of any evidence relating to Plaintiff's use, sale and/or purchase of drugs. At her deposition, Plaintiff admitted that she regularly smokes marijuana.

1

Defendants' Affirmative Defense #11 specifically states: "After acquired evidence shows that Plaintiff's back wages, reinstatement and front wages should be denied due to the fact that Plaintiff's employment would have been terminated given the fact that she was seen smoking marijuana while in the parking lot of Sushi Sake NMB which is a violation [of] employer's Drug Free Work Place Policy."

As the Eleventh Circuit Court of Appeals held in *Wallace v. Dunn Const. Co., Inc.*, 62 F.3d 374 (11th Cir.1995):

> We therefore hold that the **after-acquired evidence rule announced in *McKennon* applies to cases** in which the after-acquired evidence concerns the employee's misrepresentations in a job application or resume, as well as cases **in which the after-acquired evidence relates to employee wrongdoing during employment**.

*Id*. at 379 (emphasis added).  Accordingly, Defendants are entitled to utilize the after acquired evidence rule to show that Plaintiff's employment would have been terminated as a result of her illegal drug use in the parking lot of the restaurant in violation of company policy.

## PLAINTIFF'S REQUEST D

Plaintiff seeks to exclude any reference to Plaintiff's prior arrests, detention or prior interaction with law enforcement.  However, Plaintiff was not truthful at her deposition regarding her prior arrests, detention or prior interaction with law enforcement.  As such, these areas are available to Defendants for impeachment purposes at trial.  Specifically, Plaintiff was untruthful at her first and second deposition regarding the number and nature of her prior several arrests.  Indeed, one of the arrests that Plaintiff failed to disclose was for marijuana possession.  Moreover, Plaintiff admitted during deposition that she regularly smokes marijuana.  Again, this is a violation of Sushi Sake NMB's Drug Free Work Place Policy which specifically prohibits:

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

> • **Processing, selling, trading, or offering sale illegal drugs or otherwise engaging in the illegal use of drugs or alcohol on the job.**
> • **Using, selling, or dispensing prescription drugs illegally.**
> • **Reporting to work under the influence of illegal drugs or alcohol.**
> • **Being in a condition unfit for work due to drug or alcohol abuse.**
> • Reporting to work under the influence of legally prescribed or over-the-counter drugs that render the employee unfit for work.
> • **Having present in their bodies any illegal drugs, non-prescribed, controlled, or mind altering substances in any amount.**

(emphasis added). Therefore, this arrest is also relevant with regard to Defendants;' Affirmative Defense #11 and the after acquired evidence rule.

Notably, the evidence of prior arrests will not be offered to show Plaintiff's character for dishonesty because of her arrests; such evidence will be used to impeach Plaintiff's untruthful deposition testimony. *See e.g., U.S. v. Johnson*, 542 F.2d 23 (5th Cir.1976) (affirming use of prior conviction not offered to show that witness could not be trusted to tell the truth, but offered to show that it directly contradicted the position of witness).[1]

## PLAINTIFF'S REQUEST E

Defendants have no objection to Plaintiff's request that the fact that the instant Motion was filed by Plaintiff not be disclosed to the jury.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Plaintiff's Motion in its entirety, and grant Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted this 12th day of April, 2018.

> By: s/ Lowell J. Kuvin
> Lowell J. Kuvin, Esq.
> Florida Bar No. 53072

---

[1] Cases decided by the Fifth Circuit prior to 1981 are binding as precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206 (11th Cir.1981).

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

>lowell@kuvinlaw.com
>sunny@kuvinlaw.com
>esther@kuvinlaw.com
>*Law Office of Lowell J. Kuvin, LLC*
>17 East Flagler Street, Suite 223
>Miami, Florida 33131
>Tel.: 305.358.6800
>Fax: 305.358.6808
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 12, 2018, I electronically filed the foregoing document via CM/ECF which will automatically send a copy of the foregoing to all counsel of record.

>By:   s/ Lowell J. Kuvin, Esq.
>      Lowell J. Kuvin, Esq.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808