UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-21828-CIV-O'SULLIVAN

[CONSENT]

VANESSA NOBLES,

    Plaintiff,

v.

SUSHI SAKE NMB, INC. and
JAMES ARGUAYO,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion in Limine (DE# 48, 3/29/18), the Defendants' Amended Motion in Limine (DE# 52, 4/2/18) and the Defendants' Second Amended Motion in Limine (DE# 57, 4/12/18). On June 29, 2018, the Court held a hearing on the instant motions.

## STANDARD OF REVIEW

The Court has broad discretion in determining the admissibility of evidence. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. 2007) (citing Luce v. United States, 469 U.S. 38, 41 (1984)). The Court will address the parties' motions below.

## ANALYSIS

1. **Plaintiff's Motion in Limine (DE# 48)**

The plaintiff seeks to exclude references to her alleged drug use, any alleged drug sale, any alleged drug purchase and "references to alleged prior arrests, detention, or prior interaction with law enforcement[ ] officers" on the grounds that such evidence would result in undue prejudice under Fed. R. Evid. 403 and that only criminal felony convictions may be admitted. See Plaintiff's Motion in Limine (DE# 48 at 1-2) (hereinafter "Plaintiff's Motion").[1]

The defendants oppose the relief requested. The defendants argue that they are entitled to use evidence that the plaintiff smoked marijuana in the parking lot of the restaurant as after-acquired evidence to show plaintiff's employment would have been terminated for violating company policy. See Defendants' Response to Plaintiff's Motion in Limine [D.E. #48] (DE# 56 at 2, 4/12/18) (hereinafter "Defendants' Response"). The defendants note that regular drug use was a violation of their work-policy. Id. at 2-3. The defendants also seek to introduce evidence that the plaintiff was not truthful during her deposition concerning the nature and number of prior arrests including the plaintiff's prior arrest for marijuana. Id. at 2.

In her reply, the plaintiff argues that evidence of her drug use must be excluded because she was never convicted of any drug felonies. See Reply in Support of Plaintiff's Motion in Limine (DE# 60 at 2, 4/19/18) (hereinafter "Plaintiff's Reply"). Evidence of the plaintiff's prior arrests/detention may not be used as it is not evidence

---

[1] The plaintiff also seeks to exclude any reference to the filing of the Plaintiff's Motion in Limine (DE# 48) which the defendants do not oppose.

2

of a crime punishable by a felony and a drug offense is not a dishonest act or false statement. Id. The plaintiff further states that "there is no evidence, beyond speculation by defense witnesses, that Plaintiff smoked marijuana at the restaurant, came to her shift after smoking marijuana, or otherwise violated Sushi Sake's substance policy" and that in any event, this is not after-acquired evidence because this knowledge was obtained during the plaintiff's employment. Id. at 3 (stating that "Rene Diaz, the general manager, testified that he believed Plaintiff smoked marijuana while employed at Sushi Sake."). The plaintiff maintains if the jury hears this evidence, the jury will form opinions that are irrelevant to the plaintiff's claim. Id. Lastly, the plaintiff states that any conflicts between the plaintiff's deposition testimony and her arrest history should be excluded because the defendants will use this evidence beyond impeachment purposes. Id. at 4.

The Court finds that any reference to the plaintiff's marijuana use is unduly prejudicial and its probative value is de minimis. The defendant may introduce evidence of the plaintiff's arrest citations, if the plaintiff testifies that she was never arrested. The nature of those arrests shall not be introduced at trial.

The plaintiff's request to exclude references to her alleged drug use, any alleged drug sale, any alleged drug purchase and references to alleged prior arrests, detention, or prior interaction with law enforcement officers is **GRANTED in part and DENIED in part**.

2. **Defendants' Amended Motion in Limine (DE# 52) and Defendants' Second Amended Motion in Limine (DE# 57)**

In their Amended Motion in Limine (DE# 52), the defendants seek to exclude: references to Rene Diaz' convictions for grand theft, theft and conspiracy because they

are more than 20 years old; references to Rene Diaz' domestic violence charge because there was no conviction; references to "red lipstick" worn by the plaintiff as irrelevant and unfairly prejudicial; references to another employee ("Adam") being paid in cash or illegally as irrelevant and unfairly prejudicial; references to Avner Matute stating to Pilar Gonzalez that she was too old to be a server/wait tables as irrelevant and unfairly prejudicial; references to Pilar Gonzalez' pending case against the defendants because the plaintiff did not work with Pilar Gonzalez and any testimony would be unfairly prejudicial; references to Evelin Janet Valladares Zuniga and/or her deposition "because she was not listed on Plaintiff's Rule 26(a) disclosures, because Plaintiff's counsel knew about this witness and her testimony [three] months before her deposition and because she was deposed on the last day of the discovery period and Defendants did not have time to properly prepare for same;" references to professional help received by the plaintiff because the plaintiff testified she did not see a doctor for these issues and evidence of "off the clock" work performed by the plaintiff because the plaintiff testified that she would clock in at the beginning of her shift and clock out at the end of her shift. See Defendants' Amended Motion in Limine (DE# 52 at 1-2).

In their Second Amended Motion in Limine (DE# 57), the defendants seek to exclude references to telephone calls the plaintiff made to one of her harassers, Yuniesky Patterson, because they fall outside the scope of the plaintiff's complaint and because the plaintiff failed to mention them at her deposition. See Defendants' Second Amended Motion in Limine (DE# 57 at 2). In her response, the plaintiff "agrees only to exclude any testimony or reference to the 1992 Grand Theft/Theft/Conspiracy conviction[s] of Rene Diaz and Plaintiff agrees only to exclude any testimony or

4

reference to Rene Diaz's arrest for domestic violence." See Plaintiff's Response in Opposition to Defendants' Motion in Limine (D.E. 52, 57) (DE# 58 at 2) (hereinafter "Plaintiff's Response"). The Court will address the remaining arguments in turn.

### a. References to Red Lipstick Worn by the Plaintiff

The plaintiff argues that the Court should permit evidence that the plaintiff wore red lipstick because "it gives the jury a complete picture of the uniform for servers required by Defendants and the prejudicial effect is lost due to this requirement" and "testimony of the lipstick and color, and management's strict enforcement, is relevant because it tends to show the sex appeal Defendants' management wanted of its servers." Plaintiff's Response at 2-3.

The Court finds that evidence of red lipstick worn by the plaintiff is both relevant to the plaintiff's claims and not unduly prejudicial. There is record evidence that red lipstick was part of the restaurant's dress code or uniform. See Deposition of Rene Diaz (DE# 67-1 at 3, 5/3/18). There is also record evidence that Mr. Diaz required female servers to wear red lipstick because "they look better." Id. There is testimony that suggests the red lipstick rule was important, closely monitored and strictly enforced. See Deposition of Vanessa Nobles (DE# 49-1 at 63, 3/30/18) (testifying that "[t]hat was one thing that A[v]ner would always be, like, if I didn't have it on, he would be like, where is your lipstick, like, where is your lipstick. Like, just bugging me about it."); see also Deposition of Evelin Janet Valladares Zuniga (DE# 62-2 at 7) (testifying that "[i]t's just – the time that I don't wear the lipstick, [Rene Diaz]'s going to tell me to go to the

restroom and put some lipstick on.");[2] Gonzalez' Charge of Discrimination (DE# 62-4, 4/19/18) (stating that "Yuniesky, without any warning, would hold my face with . . . both hands and would smudge the lipstick that I would be wearing (Red lipstick mandatory by the restaurant) all over my face"). Finally, there is testimony from the plaintiff that her harassers would say things "like, that they would want to do stuff with [her], kiss [her]. Because [females servers] had, you know, the red lipstick that was mandatory, that we had to wear." Id.

The Court finds that the requirement that the plaintiff and other female servers wear red lipstick is relevant to the plaintiff's sex/gender discrimination, sexual harassment and hostile work environment claims. Additionally, the Court does not find this evidence unduly prejudicial. The defendants saw fit to include red lipstick as part of their uniform requirements for their female servers. The defendant's request to exclude references to red lipstick worn by the plaintiff is **DENIED**.

### b. Cash or illegal payments to another employee

The plaintiff argues that evidence of cash or illegal payments to another employee "is highly relevant to the pending FLSA claims as it is the Plaintiff's burden to demonstrate the illegality of the tip pool." Plaintiff's Response at 3. The plaintiff reasons that "[s]ince cash-in-hand payments to employees do not result [in] a paper trail, providing the jury with testimony that 'Adam', an employee who is legally barred from receiving tips, was paid in cash allows the jury to consider that an illegal tip pool was in

---

[2] The Court cites to the page numbers automatically assigned by the Court's CM/ECF system appearing on the top right-hand corner of the document, not the original deposition page numbers.

6

place and cash payments were made to eliminate incrimination." Id. The plaintiff also seeks to introduce evidence of cash payments to employees to support her argument of "Defendants' unclean hands and a lack of good faith in adhering to the FLSA" because "cash payments evidence a decision to evade proper reporting of wages paid on both employee tax forms and corporate tax filings – both of which are felony acts." Id.

Paying an employee his or her wages in cash is, by itself, not illegal. The plaintiff is prohibited from introducing testimony that the dishwasher's salary was paid in cash. However, if any payments relate to money received from the tip pool, that testimony will be allowed.

The defendants' request to exclude references to cash or illegal payments to "Adam" is **GRANTED in part and DENIED in part**.

    c.    **Pilar Gonzalez**

        i.    **Evidence of Age Bias**

The plaintiff argues that evidence of Avner Matute commenting on Pilar Gonzalez' age should be admitted because "it bears on the enforcement of discrimination policies at the business and how Defendants investigate and remedy (if at all) such allegations" and "the probative value of how Defendants' management resolves discriminatory conduct outweighs any prejudicial effect as a portion of Nobles' sexual harassment/hostile work environment claims involve the failures of management to investigate and end harassment." Plaintiff's Response at 4.

In their reply, the defendants note that this is not an age discrimination case, stating that "Plaintiff's argument that this testimony tends to show that Defendants engaged in discriminatory policies is misplaced because the allegations of the instant

7

case are that two employees sexually harassed Plaintiff – not that the company overall or the managers allegedly harassed her." Defendants' Reply at 3.

The Court finds that evidence of Mr. Matute's comments about Ms. Gonzalez' age are unduly prejudicial and would confuse the issue. The plaintiff has asserted claims based on sex/gender discrimination, sexual harassment and hostile work environment. To the extent that the plaintiff argues that this evidence is probative of how management resolves discriminatory conduct, the plaintiff has not presented any record evidence that Ms. Gonzalez complained about age discrimination either in her charge of discrimination or directly to management. Although Ms. Gonzalez referenced Mr. Matute's age comment in her charge of discrimination, Ms. Gonzalez circled "sex," "retaliation" and "other (gender)" as the bases for discrimination. See Gonzalez' Charge of Discrimination (DE# 62-4, 4/19/18). Additionally, the Court notes that Ms. Gonzalez states in her charge of discrimination that she was "only 39 years old." Id. The Court finds that the introduction of age bias is not probative of the plaintiff's sex-based claims and would only confuse the issues and unduly prejudice the defendants.

The defendants' request to exclude references to comments made by Avner Matute concerning Ms. Gonzalez' age is **GRANTED**.

    ii.    **Evidence of Sex and Gender Discrimination**

The plaintiff further argues that testimony of Pilar Gonzalez' pending action against the defendants should be admitted because:

> First, [Ms.] Gonzalez worked at the same Sushi Sake as [Ms.] Nobles during the same time period. Second, [Ms.] Gonzalez and [Ms.] Nobles both worked as servers, thus [Ms.] Gonzalez can personally attest to the tipout/ tip-pool polic[i]es which are the heart of Nobles' FLSA claims. Third, [Ms.] Gonzalez alleges in her action pending in Miami-Dade County

8

> Circuit Court acts of sexual harassment endured at the restaurant by Yuniesky Patterson or Pedro Santiago de Leon and that management failed to take action, the same allegations set forth by [Ms.] Nobles. Further, there is no legal basis or decision that a witness who filed a separate action against a party in another court is prohibited from testifying against that same party in a different action.

Plaintiff's Response at 5. In their reply, the defendants state that "[j]ust because Ms. Gonzalez may have been the subject of alleged harassment does not mean that Plaintiff was also the subject of sexual harassment." Defendants' Reply at 3.

The Court will not exclude Ms. Gonzalez' testimony concerning her interactions with Yuniesky Patterson and Pedro Santiago de Leon at the restaurant or her complaint(s) to Rene Diaz about the harassment. Ms. Gonzalez' testimony is relevant to the plaintiff's sex-based claims. Ms. Gonzalez experienced the same harassment (sexual comments and unwanted touching) perpetrated by the same two individuals and the indifference to the harassment by management. For instance, the plaintiff testified that she asked Ms. Gonzalez to attend a meeting where Rene Diaz would be present and speak up about the harassment. See Deposition of Vanessa Nobles (DE# 49-1 at 67-68). Ms. Gonzalez told the plaintiff that "when she brought it up to Rene's attention, Rene's response was oh, you guys have to be strong with the chefs." Id.

While Ms. Gonzalez will be permitted to testify as to the contents of her charge of discrimination, the plaintiff will not be permitted to introduce evidence that Ms. Gonzalez filed a charge of discrimination (because it is dated May 25, 2016 and the plaintiff's claim period is July 2015 through April 2016) or that she filed a state court lawsuit against the defendants involving sexual harassment. See Rushing v. Wells Fargo Bank, N.A., No. 8:10-CV-1572-T-24, 2012 WL 3155790, at *1 (M.D. Fla. Aug. 3,

9

2012) (noting that "evidence of other lawsuits is not normally relevant and not permitted," but may be used for impeachment purposes). If the defendants introduce evidence of Ms. Gonzalez' lawsuit or her charge of discrimination, the plaintiff may address it on redirect.

The defendants' request to exclude references to Ms. Gonzalez' case against the defendants is **GRANTED in part and DENIED in part**.

    d.    **Evelin Janet Valladares Zuniga**

The plaintiff argues that Ms. Zuniga's testimony should not be excluded because: "Evelin Janet Valladares Zuniga ('Zuniga') is a critical fact witness in support of [Ms.] Nobles' claims. [Ms.] Zuniga worked alongside [Ms.] Nobles at Sushi Sake, North Miami Beach location and has firsthand knowledge of the dishwashers' duties/location (which has bearing on the FLSA claims) and was also a victim of sexual harassment and a hostile work environment just as [Ms.] Nobles." Plaintiff's Response at 5. With respect to the plaintiff's incomplete Rule 26 disclosure, the plaintiff states that the defendants suffered no prejudice. Id. at 6.

The Court will not exclude Ms. Zuniga as a witness based on the plaintiff's failure to include this witness in her Rule 26 disclosures for the reasons stated in the order granting in part and denying in part the defendants' summary judgment motion. See Order (DE# 70 at 10 n.6, 11 n.7, 6/21/18).[3] Important to the Court's ruling, is the fact that Ms. Zuniga was deposed during the discovery period, albeit the last day of the

---

    [3] The Court's Order (DE# 70) refers to Evelin Janet Valladares Zuniga as "Ms. Valladares."

discovery period.

To the extent the plaintiff seeks to paint Ms. Zuniga as a victim of sexual harassment, that argument will not be permitted because Ms. Zuniga testified that the sexual comments were not directed to her:

> Q. When you worked with Yuniesky, did you ever hear Yuniesky make any sexual comments to you?
>
> [Counsel for defendants]: Object to the form.
>
> A. Not to me.

Deposition of Evelin Janet Valladares Zuniga (DE# 62-2 at 10). The plaintiff has also not cited to any evidence that Mr. Patterson and Mr. Santiago de Leon touched Ms. Zuniga in a sexual manner. Accordingly, Ms. Zuniga may testify to what she observed while working at the restaurant, but may not testify that she too was sexually harassed.

The defendants' request to exclude references to Evelin Janet Valladares Zuniga and/or her deposition is **DENIED**.

### e. Professional Help

At the June 29, 2018 hearing, the plaintiff withdrew her objection to the defendant's request to exclude references to professional help received by the plaintiff. Accordingly, no testimony regarding the plaintiff seeing a doctor or anything a doctor told her may be presented at trial.

The defendant's request to exclude evidence of professional help is **GRANTED**.

### f. "Off the Clock" Work

The plaintiff states that:

In her deposition, [Ms.] Nobles testified that if time-punch was missed, it would need to be remedied. By allowing [Ms.] Nobles to provide the jury a

11

> full recollection of her typical work hours and timekeeping procedures in place during her employment, this will allow a jury to consider any discrepancies in the recording of hours that would result in, or be labeled, "off the clock" work.

Plaintiff's Response at 7. In their reply, the defendants note that the "Plaintiff's Amended Complaint [D.E. #32] and Statement of Claim [D.E. #10] similarly do not allege off the clock work." Defendants' Reply at 6.

Because the plaintiff's FLSA claim does not include "off the clock" work and any "off the clock" work appears to be de minimis, the plaintiff will not be permitted to testify that she worked off the clock.

The defendants' request to exclude references to "off the clock" work is **GRANTED**.

### g. Telephone calls to Yuniesky Patterson

The plaintiff argues that the defendant's second motion in limine which includes the request to exclude the plaintiff's telephone calls to Yuniesky Patterson should be excluded as untimely because the motion was not filed before the March 30, 2018 deadline. Plaintiff's Response at 7. The plaintiff also argues that the jury should be permitted to hear this testimony to provide "a complete picture of the facts." Id. The plaintiff states that "[t]estimony regarding these conversations is relevant to understand the nature of the relationship between Plaintiff and Yuniesky Patterson and may lead to further evidence of harassment." Id.

In their reply, the defendants state "Plaintiff offers no reason that she wants to present testimony regarding telephone calls she allegedly received from Yuniesky Peterson [sic] other than that it is 'relevant to understand the nature of the relationship

12

between Plaintiff and Yuniesky Peterson [sic] and may lead to further evidence of harassment.'" Defendants' Reply at 6.

The plaintiff's untimeliness argument is not persuasive. In their motion, the defendants explain that this request was "filed late because Defendants only learned of the alleged telephone calls on April 9, 2018, when Plaintiff amended her Response #8 to Defendants' Request for Admissions." Defendants' Second Amended Motion in Limine (DE# 57 at 2 n.1).

The plaintiff disclosed the existence of these telephone calls well after the close of discovery. Accordingly, the plaintiff will not be permitted to testify concerning her telephone calls with Mr. Patterson.

The defendants' request to exclude telephone calls to Yuniesky Patterson is **GRANTED**. The Court will revisit the issue if the plaintiff can show that she either timely disclosed these phone calls to the defendants or that the defendants never asked the appropriate question. Additionally, the plaintiff will need to show that this evidence falls under one of the exceptions to the hearsay rule.

3. **References to Pedro Santiago de Leon Being Absent from Trial**

On June 26, 2018, the defendants filed a new motion in limine seeking to exclude any references to Pedro Santiago de Leon not being present at trial. See Defendants' Second Amended Motion in Limine (DE# 76, 6/26/18). Although the Court struck the motion as untimely, see Order (DE# 77, 6/27/18), the Court addressed the merits of the motion at the June 29, 2018 hearing.

The defendants' request to exclude any references to Pedro Santiago de Leon not being present at trial is **GRANTED**. The plaintiff is prohibited from mentioning Mr.

13

Santiago de Leon's absence at trial.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion in Limine (DE# 48, 3/29/18) is **GRANTED in part and DENIED in part**. It is further

ORDERED AND ADJUDGED that the Defendants' Amended Motion in Limine (DE# 52, 4/2/18) and the Defendants' Second Amended Motion in Limine (DE# 57, 4/12/18) are **GRANTED in part and DENIED in part**. It is further

ORDERED AND ADJUDGED that the parties shall attempt to streamline the proposed jury instructions and submit revised proposed jury instructions no later than **Tuesday, July 10, 2018**.

DONE AND ORDERED in Chambers at Miami, Florida, this 2 day of July 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel on record